**THE HONORABLE BENJAMIN H. SETTLE**

# IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

              Plaintiff,

 and

 MELISSA DANIEL,

              Plaintiff-Intervenor

 v.

NORTHWEST WIRELESS ENTERPRISES, LLC,

              Defendant, *et al*.

NO. 3:19-cv-05696-BHS-MLP

CONSENT DECREE

## I. INTRODUCTION

1.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on July 31, 2019 pursuant to Section 107(b) of the American with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). (ECF No. 1). The Complaint alleges that Defendant Northwest Wireless Enterprises,

EEOC and Melissa Daniel v. Northwest Wireless Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

LLC ("NWWE") discriminated against Ms. Daniel, a qualified individual with a disability, when it terminated her from her sales associate position on June 29, 2018. The EEOC sought monetary and non-monetary relief for Ms. Daniel. NWWE filed an Amended Answer on October 4, 2019 denying the claims in the Complaint. (ECF No. 14).

2.      EEOC and NWWE ("Parties") want to conclude fully and finally all claims arising out of the EEOC's Complaint and Ms. Daniel's charge of discrimination filed with EEOC. The EEOC and NWWE enter into this Consent Decree to further the objectives of equal employment opportunity in the ADA.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(b) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

4.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## III. SETTLEMENT SCOPE

5.      This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in Ms. Daniel's EEOC charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed herein, including all claims by the EEOC and NWWE for attorney fees and costs.

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE   Page - 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

6.      No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

## IV. MONETARY RELIEF

7.      In settlement of this lawsuit, NWWE shall pay Ms. Daniel the total amount of One-Hundred-Seventy-Five-Thousand Dollars ($175,000.00) by delivering the following to Beverly Grant Law Firm, P.S., Ms. Daniel's private legal counsel, 5800 100th Street SW, Suite A, Lakewood, WA, 98499, by certified mail with proof of delivery:

a.      A check in the amount of Twelve-Thousand Dollars ($12,000) made payable to Ms. Daniel within ten (10) days of the date of entry of this Consent Decree which constitutes back pay. The check shall be reduced by any applicable deductions for the employee's portion of FICA and applicable federal and applicable state income tax withholdings related to the payment of wages. NWWE shall pay the employer's portion of FICA. NWWE shall include a statement of payments and deductions. NWWE will issue Ms. Daniel an IRS Form W2 for this payment;

b.      A check in the amount of Seventy-Five-Thousand-Five-Hundred Dollars ($75,500) within ten (10) days of the date of entry of this Consent Decree as non-wage damages payable to Beverly Grant Law Firm, P.S. with a notation in the memo line that the check is in Trust for Ms. Daniel. NWWE will issue an appropriate IRS form 1099 for this payment;

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

c.      A separate check in the amount of Eighty-Seven-Thousand-Five-Hundred

Dollars ($87,500) within sixty (60) days of the date of entry of this Consent Decree as

non-wage damages payable to Beverly Grant Law Firm, P.S. with a notation in the memo

line that the check is in Trust for Ms. Daniel. NWWE will issue an appropriate IRS form

1099 for this payment; and

d.      NWWE shall transmit a copy of any checks made payable to Ms. Daniel or

Beverly Grant Law Firm, P.S. (in Trust for Ms. Daniel), together with an accounting of

employee deductions and employer contributions made, to the EEOC at the same time

that payment is made to Ms. Daniel as described above at:

> EEOC-SEFO_COMPLIANCE@eeoc.gov
> SEFO_NWWE@eeoc.gov

8.      NWWE will not condition the receipt of monetary relief by requiring Ms. Daniel

to: (a) maintain as confidential the facts and/or allegations underlying her charge, the EEOC's

Complaint and the terms of this Decree; (b) waive her statutory right to file a future charge

with any government agency; (c) agree to a non-disparagement and/or confidentiality

agreement; (d) refrain from reapplying for a job with NWWE; or (e) release any claims beyond

the ADA claims at issue in this action and which this Consent Decree resolves.

## V. INJUNCTIVE AND OTHER RELIEF

A.    General Provisions

9.      NWWE, its owners, officers, agents, managers, supervisors, and human resource

staff, and its successors and assigns, are enjoined from engaging in practices which unlawfully

discriminate under the ADA which includes terminating any employee based on a physical or

mental disability.

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

10.     NWWE will provide prior written notice to any potential purchaser of its businesses, or a purchaser of all or a portion of NWWE's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

11.     In recognition of its obligations under the ADA, NWWE shall institute the policies and practices set forth below.

B.     Anti-Discrimination Policies and Procedures and Consultant

12.     Within thirty (30) days of entry of this Consent Decree (Effective Date), NWWE shall retain the Center for Continuing Education and Rehabilitation at the Northwest ADA Center operated by University of Washington as an independent consultant (Consultant) to assist with ADA policies, procedures and training. For the duration of the Decree, the Consultant's responsibilities shall include:

a. Assisting NWWE in the review, development and/or revision and dissemination of new and/or revised policies, practices and training consistent with the requirements of this Consent Decree and compliance with the ADA;

b. Ensuring that all NWWE owners, officers, managers, supervisory, and human resources employees, are trained on their rights and responsibilities under the ADA and this Decree, including the responsibility to provide employees a workplace free of a discrimination;

c. Investigating, monitoring and tracking all investigations of any verbal or written reports or complaints of discrimination by an employee of NWWE and the resolution of each report or complaint to ensure compliance with the ADA and this Decree;

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

d. Ensuring that NWWE accurately complies with all deadlines and timely submits all reports required by this Decree.

13.    EEO Policies and Procedures. NWWE shall ensure, with the assistance of its Consultant, that it has written policies and procedures that: (a) prohibit disability discrimination; (b) explain to managers, supervisors and employees their rights and responsibilities under the ADA; (c) describe the process by which an employee can file an internal complaint based on disability, and how NWWE will investigate, maintain a record of such a complaint investigation, and resolve such a complaint, as described below; (d) prohibit retaliation against any individual who files an internal disability complaint or who provides evidence during NWWE's investigation of such an internal complaint; and (e) periodically update these policies and procedures to reflect changes in anti-discrimination laws. The policies and procedures will state that that they are promulgated at the direction of and with the endorsement by the highest level of NWWE ownership and management. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) days of receipt, the EEOC will advise NWWE of any comments. EEOC agrees to review the proposed policies and procedures in good faith.

14.    NWWE's anti-discrimination policy will describe the process by which a NWWE employee can request a reasonable accommodation under the ADA, what factors will be considered in approving or denying the requested accommodation, the type of information that an employee must submit to support his/her requested accommodation and the time frame for approval or denial.

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

15.     NWWE shall develop and implement a procedure, with the assistance of its Consultant, by which an employee who believes she has been discriminated against based on disability, can file an internal complaint, a procedure that includes: (a) multiple points of contact through which an employee can file a complaint, including phone numbers, addresses and email addresses for those points of contact, including NWWE's human resources; (b) allowing complaints to be submitted anonymously or verbally in the primary language of the employee, without requiring the employee to submit a written statement; (c) providing a location or office where an employee may lodge a complaint in private and away from the presence of the alleged discriminating manager, supervisor or employee; (d) providing a method for documenting verbal complaints; (e) ensuring the confidentiality of an employee who files such an internal complainant, and that of any other victim or witness to the complaint; (f) providing that NWWE will begin the investigation within five (5) business days of receipt of a complaint and complete the investigation within fifteen (15) business days; (g) ensuring that NWWE will take prompt and appropriate action to correct the conduct upon determining that discrimination has occurred; and (h) ensuring that NWWE will communicate to the employee who files an internal complaint whether the complaint was substantiated and if any action was taken within five (5) business days of completing the investigation of a complaint. The procedure will also include a prescribed method for documenting all complaints to include all documents obtained or submitted during the complaint process.

16.     Not later than ninety (90) days after entry of this Consent Decree, NWWE shall distribute a written copy of its EEO policies to all employees, both management and non-management. NWWE will confirm that it distributed its written EEO policies to all employees

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

within ninety (90) days of entry of this Decree. The EEO policies will also be distributed to every employee hired or re-hired within thirty (30) days during the duration of this Decree.

17.     Policy Modifications. In the event that NWWE modifies any of the policies identified in paragraphs 12 through 16 above during the duration of the Decree, NWWE shall submit to the EEOC for its review and consideration the proposed modifications no later than thirty (30) days before adoption. EEOC will notify NWWE within fifteen (15) days of receipt of the proposed modifications if it has any comments. EEOC agrees to review the proposed modifications in good faith.

C.  Equal Employment Opportunity Training

18.     During the pendency of this Consent Decree, NWWE shall provide at least two (2) hours of annual EEO training to owners, managers and supervisors, and for all human resources/employee relations staff who provide advice and support on ADA issues to owners, managers and supervisors. This anti-discrimination training shall be developed and administered with the assistance of its Consultant and will include, at a minimum: (a) an overview of the ADA with special emphasis on employee rights and responsibilities in requesting a reasonable accommodation; (b) employer obligations in responding to requests for reasonable accommodation; (c) the interactive process; (d) the employer's ongoing obligation to ensure the effectiveness of reasonable accommodations; and (e) the prohibition of taking an adverse action against any employee based on physical or mental disability or for requesting an accommodation. NWWE shall ensure that the format of the training is in-person or by virtual platform and interactive. After the initial training required by this Decree, NWWE will provide this training to individuals hired or promoted to manager, supervisor or human

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

resources within thirty (30) days of each individual's hiring or promotion. Training materials and background information about the provider for the first year of this Consent Decree must be submitted to the EEOC no later than ninety (90) days of the date of entry of this Consent Decree to allow the EEOC the opportunity to comment on the training, and for NWWE to revise the training materials accordingly. For each year of the Consent Decree thereafter, NWWE will submit training materials and background information about the provider to the EEOC at least thirty (30) days prior to the training session to allow the EEOC the opportunity to comment on the training, and for NWWE to revise the training materials accordingly.

19. During the pendency of this Consent Decree, NWWE shall provide at least one (1) hour of annual EEO training to employees on their rights and responsibilities under the ADA. This anti-discrimination training shall be developed and administered with the assistance of its Consultant and will include: (a) an overview of the ADA with special emphasis on employee rights and responsibilities in requesting a reasonable accommodation; (b) employer obligations in responding to requests for reasonable accommodation; (c) the interactive process; (d) the employer's ongoing obligation to ensure the effectiveness of reasonable accommodations; and (e) the prohibition of taking an adverse action against any employee based on physical or mental disability or for requesting an accommodation. NWWE shall ensure that the format of the training is in-person or by virtual platform and interactive. After the initial training required by this Decree, NWWE will provide this training to any individual within thirty (30) days of each individual's hiring. Training materials and background information about the provider for the first year of this Consent Decree must be submitted to the EEOC no later than ninety (90) days of the date of entry of this Consent Decree to allow the EEOC the opportunity to comment

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

on the training, and for NWWE to revise the training materials accordingly. For each year of the Consent Decree thereafter, NWWE will submit training materials and background information about the provider to the EEOC at least thirty (30) days prior to the training session to allow the EEOC the opportunity to comment on the training, and for NWWE to revise the training materials accordingly.

20. After incorporating revisions to resolve any concerns raised by the EEOC to the foregoing training sessions, NWWE shall provide the EEO training noted in Paragraphs 18-19 for the first year of this Consent Decree no later than one-hundred-twenty (120) days after entry of this Consent Decree.

21.     All costs of training shall be borne by NWWE. For the duration of this Consent Decree, NWWE shall notify the EEOC in writing of the completion of the training seminars and shall specify the names and job titles of the managers, supervisors and employees who participated in and completed the training. This information shall be provided as part of the annual report NWWE submits to the EEOC.

D. Non-Disclosure of Information, File Expungement; Neutral Reference; and Apology.

22.     NWWE shall not disclose any information or make reference to any charge of discrimination or this lawsuit in responding to requests for information about Ms. Daniel. NWWE shall seal from its personnel files and any other records any information relating to Ms. Daniel's request for an accommodation, NWWE's response to her requested accommodation and her June 29, 2018 termination.  NWWE shall provide a neutral job reference regarding Ms. Daniel, consistent with NWWE's usual practices, providing only dates of employment, job title and/or job description, and rate of pay for Ms. Daniel during her

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 10

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

employment at NWWE.  Not later than ninety (90) days after entry of this Consent Decree, NWWE shall provide a written apology letter to Ms. Daniel, signed by Michael Wallitner as CEO of NWWE.

E.    Policies Designed to Promote Accountability.

23.    Not later than ninety (90) days after entry of this Consent Decree, NWWE shall develop and adopt performance policies and standards, with the assistance of its Consultant, that expressly evaluate all management personnel and supervisors, and all human resources/employee relations staff who provide advice and support to owners, managers, supervisors and employees, on their compliance with NWWE's EEO policies and for ensuring employees are not discriminated against based on disability. NWWE shall impose discipline, up to and including termination of employment, upon any manager or supervisor, and any human resources/employee relations staff who provided advice to such manager or supervisor, who they determine has discriminated against an employee based on disability. In addition, NWWE's performance policies and standards shall inform managers and supervisors of their obligation to report any complaint based on disability for investigation, prevent and correct any discrimination that they observe in the workplace or after receiving notice of discrimination, and warn that failure to take such action will result in disciplinary action.

24.    In conducting performance reviews, NWWE shall hold each manager, and supervisor accountable for EEO enforcement and compliance.

F.    Reporting.

25.    NWWE shall report to the EEOC for the duration of this Consent Decree. The first report shall be submitted twelve (12) months after the entry of this Consent Decree, the second

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 11

report shall be submitted twenty (24) months after the entry of this Consent Decree, and the

final report shall be submitted thirty (30) days before the end of the Consent Decree monitoring

period The report, and any other information required in this Consent Decree, shall be in

writing and submitted to: EEOC-SEFO_COMPLIANCE@eeoc.gov and

SEFO_NWWE@eeoc.gov. The reporting period will run from the date of the entry of this

Consent Decree.

      26.     These reports shall contain the following information and attachments:

          a.     Certification that NWWE has:

              1.     Revised and maintained its written EEO policies and procedures and annually distributed copies of its EEO policy as described in Paragraphs 12- 17;

              2.     Complied with the training provisions enumerated in this Consent Decree in Paragraphs 18-21;

              3.     Continued to enforce policies and procedures to promote EEO accountability by managers and supervisors, as required by Paragraphs 23-24; and

              4.     Complied with all other provisions of this Consent Decree.

          b.     Copies of the following documents shall be included with each annual report submitted to the Seattle Filed Office of the EEOC:

              1.     A copy of NWWE's EEO policy and procedures developed and implemented in accordance with the provisions of this Consent Decree;

              2.     A summary of formal or informal discrimination complaints that allege disability discrimination, including failure to provide reasonable accommodation, if any, filed by any individual. The summary shall include the following information:

                 i. Name, full address, email address, and telephone numbers of the complaining individual;

                 ii.     A report of the resolution of each complaint, including the identification of the individuals involved, their titles, the

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 12

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

particulars of the complaint, a summary of the investigation, the company's determination, and any corrective action taken.

iii. Name(s) and title of individual(s) who received, investigated, and or otherwise addressed and took action based on the complaint.

3. A sign-in sheet or list of the names and job titles of each manager, supervisor and employee of NWWE's who completed EEO training and the dates the training was conducted during the previous reporting period.

27. If applicable, NWWE shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and the steps that were or shall be taken to bring the Company into compliance.

G. Posting

28. NWWE shall post a Notice to All Employees. This Notice is attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at each of NWWE's facilities.

## VI. ENFORCEMENT

29. If the EEOC determines that NWWE has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to NWWE. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least twenty (20) days after providing written notification of the alleged breach. The 20-day period following the written notice shall be used by the EEOC and NWWE for opportunity to cure and good faith efforts to resolve the dispute.

## VII. RETENTION OF JURISDICTION

30. The United States District Court for the Western District of Washington at Tacoma shall retain jurisdiction over this matter for the duration of this Consent Decree.

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

## VIII. DURATION AND TERMINATION

2

31.     This Consent Decree shall be in effect for thirty (30) months from the date of entry

3

of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court

4

finds NWWE to be in violation of the terms of the Consent Decree, the Court may extend the

5

duration of this Consent Decree.

6

Respectfully submitted this 26th day of October, 2020.

7

BY: */s/ Roberta L. Steele*

8

9
ROBERTA L. STEELE                SHARON FAST GUSTAFSON
Regional Attorney                General Counsel

10
JOHN F. STANLEY                  ROBERT A. CANINO
Supervisory Trial Attorney       Acting Deputy General Counsel

11

12
DAMIEN LEE                       GWENDOLYN Y. REAMS
Senior Trial Attorney            Associate General Counsel

13

14
U.S. EQUAL EMPLOYMENT            Office of the General Counsel
OPPORTUNITY COMMISSION          131 "M" Street NE
Seattle Field Office             Washington, D.C. 20507

15
909 First Ave., Suite 400
Seattle, WA 98104-1061

16

17
Attorneys for Plaintiff EEOC

18
BY: */s/Matthew A. Lind*

19

20
SHERRARD McGONAGLE TIZZANO LIND, P.S.
Matthew A. Lind, WSBA No. 37179
19717 Front Street NE

21
P.O. Box 400
Poulsbo, WA 98370

22
Ph 360-779-5551 / Fax 360-779-1229
Email: matt@westsoundlegal.com

23

24
BY: */s/James K. McCanna*
McCANNA LAW, PLLC

25

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 14

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1  James K. McCanna, WSBA No. 22565
   P.O. Box 468
2  Kingston, WA 98346
   Ph 360-297-4057 / Fax 360-297-4157
3  Email: jmccanna@mccannalaw.com

4  Attorneys for Defendant Northwest Wireless Enterprises, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ORDER APPROVING CONSENT DECREE**

The Court, having considered the foregoing Proposed Consent Decree of the Parties, HEREBY ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this 27th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge

EEOC and Melissa Daniel v. Northwest Wireless
Enterprises, LLC
NO. 3:19-cv-05696-BHS-MLP
CONSENT DECREE  Page - 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400 SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882